My name is 419-0306 Brown v. State Farm on behalf of the Appalachian Mr. Duco and Appalachian Mr. Long. Mr. Duco. May I please record? My client, Noah Brown, filed a petition to confirm arbitration at the Securing Arbitration Board in an underinsured motorist club. This court reviews arbitration awards and a trial court's decision to confirm it did no good. And that gives no deference to the trial court's decision at all. So while my brief does go into the specifics of the trial court's reasoning, I'd like to articulate that this court takes into account these issues and does not need to give any deference to those justifications. Now, I'd also like to point out that the review of this court's arbitration award is even more limited. And I'll quote from Hurricane Graphics v. Glyndon, which is cited on page 10 of our brief. It is well said that an appellate court's review of an arbitrator's award is extremely limited. In fact, more limited than an appellate review of a trial court's decision. And we have here an award. There's no dispute that the arbitrator is reviewing the award. And just to kind of point out what the law is that this court needs to follow in regard to deciding whether this award should be confirmed or not. I think the case Hurricane Graphics actually lays out the well said law perfectly. I'd actually just like to point out three of the rules that it quotes. The first one is that there is a presumption that the arbitrator did not exceed his authority. Thus, a court must construe an award, if possible, so as to uphold its validity, end quote. And so the standard here for this court is to determine whether on the face of the arbitration award we've submitted, whether it is possible to construe that award to uphold its validity. And another, second rule I'd like to point out from this well said law quoted in Hurricane Graphics is that, quote, a court has no power to determine the merits of the award simply because it strongly disagrees with the arbitrator's contractual interpretation. Also, a court cannot overturn an award on the grounds that it is illogical or inconsistent. In fact, the arbitrator's award will not even be set aside because of errors in judgment or a mistake of law or fact, end quote. The state farm, in this case, they're going to ask you not to confirm the arbitration award and entirely base their argument on that the arbitrators misinterpreted the arbitration agreement in this matter. This court doesn't even need to get into that idea because, again, this court cannot overturn an award just because it disagrees with the contractual interpretation. Really, all this court should look at is whether it's possible to read this arbitration award to uphold its validity. And thirdly, from, again, still quoting Hurricane Graphics, it states, quote, the limited circumstances under which we may modify or vacate an arbitration award are set forth in the arbitration act, end quote. And so, again, it's clear that whether to confirm this arbitration award or to modify it in the state farm's request is governed by the Uniform Arbitration Act. As Hurricane Graphics notes in the opinion, the Uniform Arbitration Act supplies several different reasons in cases that an arbitration award can be modified or vacated. One of them is that, quote, the arbitrators ruled on a matter not submitted to them and the court is able to correct the award without affecting the merits of the decision upon the issue submitted, end quote. Again, the state farm's entire argument here is that the portion of the award which set the value of the personal injuries my client sustained was valid and they wanted that to be confirmed and to be upheld and they want the fruits of that portion of the arbitration award. But the arbitration award also included an award of $1,000 in regard to state farm's last minute cancellation of a prior set arbitration. And they do not want that portion of the award to be confirmed. So, again, their argument is going to be that this wasn't part of the agreement to give the arbitrators the power to decide that issue. But this is governed by the Uniform Arbitration Act. And so, obviously, the state farm had the opportunity, the possibility under the Uniform Arbitration Act to file an objection and modify the award if they felt the arbitrator awarded on something outside of what had been submitted to them for the award and to keep the portion that he was supposed to upheld. However, that needed to be filed. And this is borrowing from the Arbitration Act again. Section 13 of the Arbitration Act says that upon application made within 90 days after delivery of a copy of the award to the applicant. And after that 90 days, again, this would be from Section 11 of the Arbitration Act, upon application of a party, the court shall conform, confirm, and award unless within the time limits hearing opposed, grounds are urged for vacating and modifying or correcting the award. So, state farm had 90 days from issuance of the award in order to file an objection if they felt the $1,000 for the cancellation fee was somehow improper or unjust. However, what state farm did instead was sent us, my client, a check for the portion of the award that it agreed was proper and a letter stating it was just not going to pay the remaining $1,000. And then it never filed an objection. And then you enter a trial court after the 90-day period to confirm the portion of the award that was unpaid, $1,000. Again, the objection to that only caused... Okay, you filed that with the court and then on February 12, the court entered a judgment in Long's favor and against Brown, right? Is that right? That's correct. Okay, and the court said it was final and appealable, correct? That's correct. Did you appeal that? Well, where's the jurisdiction to hear that aspect of this case? We are not asking for... to hear that aspect of the case. So, just to clarify... So, what are you asking for then? I'm about to clarify that. So, if we turn to the arbitration award, which is A-1, as far as our appendix goes, it's E-10 in the record. The portion of the award here says, quote, a sum of $1,000 to be paid by Dr. Fletcher by responding counsel. Dr. Fletcher is in regard to our expert witness. So, what had occurred was this arbitration hearing was originally set for August 17, 2017, and State Farm, and when we came to, we all came and appeared to do the arbitration on that date. However, the neutral arbitrator informed us on learning that we had retained Dr. Fletcher as an expert witness who was there to testify that his firm represented Dr. Fletcher in his corporate matters and said that he thought he could still fairly negatively cite the issues, but that if any party had an objection, he would accuse himself. State Farm stated that they did have an objection, and so he recused himself. So, that arbitration was canceled. Now, Dr. Fletcher charged us a cancellation fee because he didn't appear to testify. That was the morning of that arbitration hearing. Then we turned to the arbitration... We did select a new neutral arbitrator. Arbitration hearing was reset a second time to February 6, 2018. And then, the day before that arbitration hearing occurred, Mr. Long, who's representing State Farm, sent an email stating that he was sick and he could not appear at that arbitration. We stated that we wanted the arbitration to proceed and that somebody else from his firm should cover it. One of the arbitrators, Mr. Bradley, also sent an email stating that he thought that the arbitration should proceed. So, what the neutral arbitrator at that time decided to do was to have a teleconference to decide the issue of Mr. Long's motion to continue because he was sick. And, ultimately, they did have that teleconference. We indicated that, well, this is... Counsel, my question pertained to this court's jurisdiction. Are you trying to answer that? I am. Oh, okay. I think I just want to give them the facts so you understand the facts a little bit more. But, in any event, the arbitration was ultimately canceled with the issue of the arbitration. According to the student cancellation fees by Godfrey Fletcher, it should be charged to be decided at the future arbitration hearing. And then, obviously, we get the arbitration report. So, when we filed our petition to confirm the arbitration, we named both Mr. Long and also State Fireman. And the court did dismiss our matter against Mr. Long, which I think the reasoning there is that he was the lawyer for State Fireman, thus the agent for State Fireman, wasn't a party to the arbitration. However, our actions with State Fireman were over-proceeding. So, you're proceeding against State Fireman? Correct. Well, was the award against State Fireman or was it against Long? It was against State Fireman. This is what it says. It says a sum of $1,000 to be paid to Dr. Fletcher by responding counsel. And so, again, I really admit that that's not entirely as plain as we would like it to be. Well, it sounds pretty plain to me. Well, ultimately, we did obtain affidavits from the arbitrators to hold Mr. Long and myself. And they further explained that this was due to the cancellation fee, and that's where the issue is. And that our argument here today is that Mr. Long was an agent for State Fireman. And as an agent for State Fireman, State Fireman should be compelled to pay this arbitration. Compelled to pay this part of the arbitration. What's our authority to provide that remedy? So, again, the Uniform Arbitration Act is where it states that the trial court shall confirm any arbitration or competition by party who stated the receipt of the award. So, we point to the Uniform Arbitration Act as far as that goes. Also, I refer back to Hurricane Graphics, which states that this court must construe an award, if possible, as to uphold its validity. And so, we have the affidavits from the arbitrators stating that this was an award of $1,000 to be paid in favor of Mr. Brown, my client, for that cancellation. And the arbitration hearing, Dr. Fletcher testified that he charged the cancellation fee of $1,900. And so, this ultimately was an award of about just about half of the cancellation fee that Dr. Fletcher charged. And, additionally, like I said, State Farm, neither State Farm nor Mr. Brown are required in the merits of this arbitration award to object to its validity within that 90 days. Moreover, I must also note that, as in Tri-City Jewish Center v. Glass, which we cited on page 15 of our brief, and several other cases, both that if a party participates in an arbitration without objecting that some issue is not being agreed to be arbitrated, and receives an award, and then tries to object after the fact, without ever objecting to that issue being decided at the arbitration, then they have waived the right to do so after obtaining the arbitration award. And that's exactly the set of facts that we have here. When Mr. Long requested his continuous cancellation of the arbitration hearing, we raised the issue of the cancellation fee and said, you know, the first time State Farm canceled the arbitration, we're charged a cancellation fee. And the second time, we would like State Farm to cover that. And Mr. Long's response to that, according to the affidavits submitted by the arbitrators, was that, and I'll actually get this exactly recorded from the actual affidavits. This is from Stanley Freedman, which would be the arbitrator selected by Stanley Freedman. In response to the reference to the cancellation fee, James Long indicated that plaintiffs could bring up whatever issues he felt necessary to bring up at the arbitration hearing. Moreover, from Brian Bradley, another arbitrator, stated that, Mr. Long stated that Brown could make such a request at the arbitration hearing should he be charged a cancellation fee. And again, the arbitrator, this is also on Mr. Bradley, stated that Mr. Long, at no point during the February 5th teleconference, which was to decide the motion to continue, or the continued arbitration hearing on February 19th, did Mr. Long raise an argument that it would be improper for the arbitration panel to consider the issue with Dr. Fletcher's cancellation fee, or that this issue was outside the issues submitted to the parties to be decided. Rather, as indicated by Mr. Long, at the February 5th 2018 teleconference, Mr. Long clearly indicated that Mr. Brown could raise this issue at the continued arbitration hearing. And then, we went to the arbitration hearing, and Dr. Fletcher testified as to the amount of the cancellation fee that he charged. The arbitrator's heard that testimony. The testimony or evidence is offered to rebut that. In fact, Mr. Long made an argument that there shouldn't be a, we shouldn't be awarded any cancellation fee issue, because Dr. Fletcher could have testified via written report. Mr. Ducos, allow me to direct you back to Justice Turner's question. Could you summarize for us, please, your jurisdictional authority? And just to preface that, in your statement, you cite to Rule 301 and 303. Could you summarize for us your jurisdictional authority to be here on this issue? I would argue that Rule 303 is a childless entry or denial of work petition. Mr. Long had already been dismissed after. And the award, if you want to call it an award, was against him. The award stays with Respondent's Counsel. Who is Mr. Long? That's the wording of the award. Okay. So the Respondent's Counsel was supposed to pay $1,000. He was dismissed out. That's correct. Appealability language was included in that order. I understand. And you didn't appeal that. And now you're asking for State Farm to pay. But that's not what was awarded. Why did you name both? As counsel of record for State Farm. So acting as the agent for State Farm at that arbitration. Or during that course of that arbitration. And so State Farm is responsible for his actions of canceling the arbitration. Passing for that request. And that's the reason why we named both. I think through that. Because that was submitted, the arbitrator specified that this was an award in favor of Mr. Farmer. And that's State Farm as part of that request in the arbitration. I'd also indicate that according to Supreme Court Rule 231G, which was incorporated by reference to the arbitration agreement. Does give the court the ability to tax costs upon cancellation to be paid on demand from an attorney or on demand from the party. Thank you. Thank you, Mr. Duco. Mr. Roth. Thank you, Your Honor. Please support it. I don't know why we're here. Thank you. Even with the authority cited by counsel for Mr. Brown. To look at the face of the award. The face of the award. Statehood 12th Sum of the Arbitration Award is $180,895. That is what State Farm is obligated to pay. We have the numbers there. That's $180,895 minus credits and set-offs that were agreed to by the parks. The award is clear. Counsel has admitted. Everyone has admitted. State Farm pays a certain portion of the award. The other problem I have with what counsel just stated before this court is he's misrepresenting facts that are not necessarily in the record that I find personally offensive. There were two insurance companies involved here. American Family and State. The first cancellation occurred because the neutral was notified on the day of the arbitration hearing that he had a witness that he had done work for. Not only did I object. Counsel for American Family objected. So both respondents objected. And that's why it was continued. Because we needed to get a new neutral. The idea... But then we had a new day. And, Your Honors, I was sick. I'll say for the record, I don't very often get sick. And I wasn't just sick for the day of the hearing. It was the day before the hearing. I was not going to be able to prepare for a hearing. I had the flu. I woke up that morning when I sent the email. I had to participate. I went back to bed. I woke up again to participate in the phone call. And then I went back to bed because I was sick. And I gave notice to them within 24 hours to pass. So they could have taken the step. But they chose to go down the path that they did. And then they've chosen to do several things that are in the record before this court. That are... Pleadings that led to this initial action against me and State Farm were rebutted by all three arbitrators. Mr. Duco referenced 231G. He completely misreads that. 231G talks about a continuance that's granted contingent upon cost. As all the arbitrators have noted in their affidavits. All three. Mind you, not just two. Three stated that continuance is not granted contingent upon cost. But, Your Honors, I believe the lower court correctly ruled on this matter. By stating that Brown... The award is confirmed as the $180,895. And that was paid. And that this extra $1,000 is not due to Mr. Brown from any source before this court. Because, as Your Honors have noted, I was dismissed. There was a three or four way finding. And I feel it was not made. I mean, it doesn't take much to read this. And I guess I'll just... I'm open for questions. Seeing none. Thank you, Mr. Long. Thank you, Your Honor. Mr. Duco in rebuttal. Just a comment. This court, just real briefly... Instead, I'll just simply state... What the duty of this court is to do is to see if there's a way, possibly, to read this arbitration award. And to confirm it. I think it's possible to read this award that they were... Have decided the issue of the cancellation fee. As their affidavits indicate that they did. And as they indicated that they had told State Farm they would do. And that this award can possibly be read as $1,000 in favor of my client. And that that portion should be confirmed. Thank you. Thank you, Mr. Duco. Thank you, counsel. We take this matter under advisement. Court is recessed.